Filed 3/25/13  P. v. Dunlap CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DEVON DUNLAP,<br><br>    Defendant and Appellant. | D062241<br><br><br><br>(Super. Ct. No. SCS251694) |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed in part and reversed in part.


Devon Dunlap entered a negotiated guilty plea to assault with intent to commit rape (Pen. Code, § 220, subd. (a)(1)).[1]  The court sentenced him to prison for the six-year upper term and issued a three-year criminal protective order (§ 136.2) barring Dunlap from contacting the victim.  Dunlap appeals, contending the criminal protective order must be stricken because it was unauthorized and violates his federal constitutional right to due process.  The People concede the point.

---

[1]    All further statutory references are to the Penal Code.

The authority of section 136.2 exists only during the pendency of the criminal case. (*People v. Ponce* (2009) 173 Cal.App.4th 378, 382.) There is no other applicable statutory authority for the protective order, and there was no showing a protective order was appropriate under the court's inherent authority. (*Id.* at pp. 382-385.)

### DISPOSITION

The restraining order is reversed. In all other respects the judgment is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

NARES, J.

O'ROURKE, J.

2